[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10759

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTINA LYNN CATALANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cr-00040-JA-PRL-1

_____

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

In the District Court, Christina Catalano pled guilty to violating 18 U.S.C. § 1040 (disaster assistance fraud), Count 1, and 18 U.S.C. § 1001(a)(2) (making false statements to a federal agency), Count 2, and was sentenced to prison for a total of 30 months. The Count 1 offense occurred when Catalano obtained disaster relief from the Federal Emergency Management Agency ("FEMA") based on fraudulent claims that Hurricane Irma, which hit Florida in 2017, destroyed much of her property. The Count 2 offense occurred when she made false statements to FEMA agents about the extent of her loss. Catalano entered both guilty pleas without a plea agreement.

Catalano does not appeal her convictions and sentence on the ground that the District Court erred in accepting her guilty pleas or imposing her sentence. Instead, transforming her appeal into a motion for collateral relief under 28 U.S.C. § 2255, she asks us to set aside her guilty pleas and remand the case for further proceedings because her court appointed attorney rendered ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984),[1] in advising her not to accept the

---

[1] In her opening brief in this appeal, Catalano states that the District Court had jurisdiction of this case pursuant to the power to grant writs statute, 28 U.S.C. § 2241. Appellant's Br. at 1. Her brief states that this Court has

21-10759                Opinion of the Court                3

Government's earlier offer to plead guilty to Count 1 in exchange for the dismissal of Count 2.[2]  Had she accepted the Government's offer, the Sentencing Guidelines would have called for a sentence of 27 to 33 months imprisonment based on an offense level of 11 (calculated under U.S.S.G. § 2B1.1 *et seq.*) and a criminal history category of VI.  Because she plead guilty to Counts 1 and 2, the sentencing range the District Court adopted (as recommended by its probation office) called for a term of 33 to 41 months imprisonment based on an offense level of 13 and a criminal history category of VI.  The offense level was 13 instead of 11 because the Court adjusted the offense level on Count 1 by 2 levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, i.e.*,* the conduct charged in Count 2.  Absent the guilty plea to Count 2, Catalano contends, the Court would not have applied the § 3C1.1 adjustment because

jurisdiction under 28 U.S.C. § 1291, which gives the courts of appeal jurisdiction to review final decisions of the district courts.  The Government's brief disagrees with Catalano about the District Court's jurisdiction.  Its brief states that the District Court had jurisdiction under 18 U.S.C. § 3231, which gives district court's jurisdiction to try offenses against the United States, and that this Court has jurisdiction to entertain this appeal under 28 U.S.C. § 1291 (review of final judgment) and 18 U.S.C. § 3742(a) (review of sentence).  Appellee's Br. at v.  The Government's brief has it right on the issues of jurisdiction.

[2] Catalano's attorney apparently made a strategic decision in advising Catalano to plead guilty to both counts in that Catalano would retain the right to appeal her sentences.  The Government conditioned its plea offer on Catalano's waiver of the right to appeal the sentence imposed on Count 1 based on the Court's misapplication of the Sentencing Guidelines.

her false statement to the FEMA agents would not have significantly impeded or obstructed the official investigation.

As it turned out, the Court imposed a sentence, 30 months, within the 27 to 33 months sentencing range Catalano desired and thus varied downwards from the 33 to 41 months sentencing range the Court calculated. At sentencing, Catalano's attorney informed the Court thus: "And I've told Ms. Catalano that if the Court does go to the 33- to 41-month range, then she ought to file a 2255 against me for my ineffective assistance." Instead of filing the § 2255 motion in the District Court, Catalano brings the motion here. As we have explained many times before, "[w]e will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). While we have recognized a narrow exception to this general rule when the record about the ineffective assistance of counsel claim is "sufficiently developed," *id.*, the record here about Catalano's ineffective assistance of counsel claim is practically nonexistent. Catalano's brief presents no argument of sentencing error, so to the extent we consider this appeal as challenging the 30 months term of imprisonment, the appeal is meritless.

**AFFIRMED.**[3]

---

[3] We affirm without prejudice to Catalano's right to move the District Court for relief under 28 U.S.C. § 2255.